1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHELIA HALOUSEK,                          Case No.  2:22-cv-01728-TLN-JDP (PS)

12                 Plaintiff,

13          v.                                 ORDER

14   VERIZON,

15                 Defendant.

16

17          Plaintiff filed a complaint purporting to assert claims against Verizon, and an application

18   to proceed *in forma pauperis*.  Her complaint, however, fails to state a claim.  I will give plaintiff

19   a chance to amend her complaint before recommending dismissal.  I will also grant plaintiff's

20   application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28

21   U.S.C. §§ 1915(a)(1) and (2).

22                      **Screening and Pleading Requirements**

23          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

24   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

25   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

26   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

27   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

28   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

                                             1

identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

Plaintiff alleges that a friend gifted her a phone on January 9, 2022, which was allegedly purchased on December 24, 2021. ECF No. 1 at 4. Although the phone was supposed to be new, it had a call log dating back to June 2021. *Id.* at 4. Concerned that the phone was not new, in March 2022, she took the phone to a Verizon store in Sacramento to either fix or replace it. *Id.* The Verizon store told plaintiff that she was outside of the return window period and did not offer her a return or exchange. *Id.* Six months later, plaintiff went to a different Verizon store and spoke with a manager. *Id.* That manager provided plaintiff with several numbers to contact at Verizon corporate, but he did not replace or exchange the phone. *Id.*

Plaintiff's allegations fail to state a federal claim. Plaintiff references several statutes that have no apparent relation to her factual allegations. For instance, plaintiff cites 15 U.S.C § 6103(e), which authorizes the state to bring an action on behalf of its citizens, *see Fed. Trade Comm'n v. All US Mktg. LLC*, No. 6:15-CV-1016-ORL-28KRS, 2017 WL 9398643, at *7 (M.D. Fla. Apr. 13, 2017) ("Under [15 U.S.C. § 6103], the State can bring an action for violations of the [Telemarketing Sales Rule] only on behalf of residents of Florida."), and 47 U.S.C. § 227, which is a provision of the Telephone Consumer Protection Act concerning concerns robocalls, *see Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2344 (2020). ECF No. 1 at 2.

Plaintiff also fails to explain how defendant's actions were improper. Notably, she does not allege that she purchased or otherwise obtained the phone from Verizon. Indeed, plaintiff acknowledges that the phone was a gift; the only factual allegations she makes again Verizon is that the company did not either accept the phone for return or offer to fix it.

Plaintiff also alleges state law claims for violations of the of the Consumers Legal Remedies Act, California Civil Code sections 1770(a) & 1780(a). ECF No. 1 at 3. But plaintiff has yet to assert a properly pleaded federal cause of action that would permit supplemental jurisdiction over her state law claims. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). And the complaint fails to establish diversity of the parties that could support diversity jurisdiction. *See* 28 U.S.C. § 1332; *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). Accordingly, plaintiff has not established the court's jurisdiction over her state law claim.

I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

1       2.  Within thirty days from the service of this order, plaintiff must either file an amended

2  complaint or advise the court she wishes to stand by her current complaint.  If she selects the

3  latter option, I will recommend that this action be dismissed.

4       3.  Failure to comply with this order will result in the dismissal of this action.

5       4.  The Clerk of Court is directed to send plaintiff a new form complaint.

6

7  IT IS SO ORDERED.

8

9  Dated:    April 24, 2023                          _____

                                             JEREMY D. PETERSON

10                                            UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28