1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHELIA HALOUSEK,                          Case No.  2:22-cv-01728-TLN-JDP (PS)

12                    Plaintiff,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   VERIZON,

15                    Defendant.

16

17          Plaintiff has filed an amended complaint that contains essentially the same factual

18   allegations as her previous complaint.  Again, the amended complaint fails to state a claim.  Since

19   the amended complaint contains the same deficiencies as her previous one, I find that granting

20   leave to amend would be futile and recommend dismissal without leave to amend.

21                      **Screening and Pleading Requirements**

22          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

23   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

24   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

25   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

26   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

27   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

28   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

1

1   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

2   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

3   n.2 (9th Cir. 2006) (en banc) (citations omitted).

4         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

5   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

6   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

7   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

8   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

9   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

10  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

11  **Analysis**

12        Plaintiff's factual allegations remain essentially the same as those in her original

13  complaint: she alleges that a friend gifted her a new cellphone from Verizon, but the phone turned

14  out to be used and did not function properly.  ECF No. 4 at 9-10.  Plaintiff took the phone to two

15  different Verizon stores in Sacramento, asking for a fix or a replacement.  *Id.* at 10-11.  Neither

16  store gave plaintiff a new phone or offered a fix.  *Id.*

17        As indicated in my prior screening order, plaintiff's allegations fail to state a federal

18  claim.  The statutes that she references have no apparent application in this case.  Plaintiff again

19  cites 15 U.S.C § 6103(e), which authorizes the state to bring an action on behalf of its citizens,

20  *see Fed. Trade Comm'n v. All US Mktg. LLC*, No. 6:15-CV-1016-ORL-28KRS, 2017 WL

21  9398643, at *7 (M.D. Fla. Apr. 13, 2017) ("Under [15 U.S.C. § 6103], the State can bring an

22  action for violations of the [Telemarketing Sales Rule] only on behalf of residents of Florida."),

23  and 47 U.S.C. § 227, which is a provision of the Telephone Consumer Protection Act ("TPCA")

24  concerning robocalls, *see Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2344

25  (2020), but neither provides plaintiff with a cause of action here.  ECF No. 4 at 2-4.

26        Plaintiff also alleges state law claims for violations of the of the Consumers Legal

27  Remedies Act, California Civil Code §§ 1770(a) & 1780(a).  ECF No. 4 at 4-5.  But plaintiff has

28  yet to assert a properly pleaded federal cause of action that would permit supplemental

2

1  jurisdiction to extend to her state law claims.  *See* 28 U.S.C. §§ 1331 ("The district courts shall

2  have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

3  United States), 1367(a) (where the district court has original jurisdiction, it "shall have

4  supplemental jurisdiction over all other claims that are so related to claims in the action within

5  such original jurisdiction . . . .").  Supplemental jurisdiction may be exercised if there is a federal

6  claim to which to tether a state law claim, but a federal claim is lacking here.  The court should

7  not exercise supplemental jurisdiction.

8       In addition, plaintiff claims that I am acting on behalf and in the interest of defendants and

9  argues that she "should have been appointed her own Magistrate Judge to argue and present on

10  her behalf."  ECF No. 4 at 6.  Plaintiff also appears to argue that she is being treated unequally

11  under the Fifth and Fourteenth Amendments.  *Id.*

12       Plaintiff has not alleged facts suggesting that she has been treated inequitably.  To the

13  extent she asks me to recuse myself from this case, that request is denied.  Section 455(a)

14  provides that a judge should recuse him or herself "in any proceeding in which his [or her]

15  impartiality might reasonably be questioned."  The judge should also disqualify him or herself if

16  the judge "has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(b)(1).  Plaintiff

17  has not alleged facts suggesting that my impartiality might reasonably be questioned, and so

18  recusal is not appropriate.

19       Accordingly, it is hereby RECOMMENDED that:

20       1.  Plaintiff's first amended complaint, ECF No. 4, be dismissed without leave to amend.

21       2.  The Clerk of Court be directed to close the case.

22       These findings and recommendations are submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24  after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

27  objections shall be served and filed within fourteen days after service of the objections.  The

28  parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 10, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE