UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK,<br><br>            Plaintiff,<br><br>    v.<br><br>VERIZON,<br><br>            Defendant. | No. 2:22-cv-01728-TLN-JDP<br><br>**ORDER** |

On August 16, 2023, the Ninth Circuit referred the matter to this Court for the limited purpose of determining whether Plaintiff's *in forma pauperis* ("IFP") status should continue on appeal or whether the appeal is frivolous or taken in bad faith. (ECF No. 14 at 1 (citing 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002)).)

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The test for allowing an appeal [IFP] is easily met . . . [t]he good faith requirement is satisfied if the [appellant] seeks review of any issue that is 'not frivolous.'" *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (quoting *Coppedge v. U.S.*, 369 U.S. 438 445 (1962)); *see also Hooker*, 302 F.3d at 1092 (noting that an appeal is taken in "good faith" if it seeks review of "non-frivolous" issues and holding that if at least one issue or claim is non-frivolous, the appeal must proceed IFP as a whole). An action is frivolous "where it

lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, the term "frivolous," as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

In the instant case, the magistrate judge found Plaintiff's amended complaint to be lacking any facts to support a cognizable federal claim.  (ECF No. 6.)  The Court adopted the magistrate judge's findings and recommendations in full and dismissed the case.  (ECF No. 9.)  Based on the record before it, the Court cannot conceive of any valid grounds upon which an appeal can be based.  The Court therefore finds that Plaintiff's appeal is frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Hooker*, 302 F.3d at 1092; *Neitzke*, 490 U.S. at 325.  Plaintiff's IFP status on appeal should therefore be revoked.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's *in forma pauperis* status on appeal is hereby REVOKED; and
2. The Clerk of the Court is directed to serve this Order on the Ninth Circuit Court of Appeals in Case No. 23-16101.

IT IS SO ORDERED.

Date:  August 17, 2023

_____
Troy L. Nunley
United States District Judge

2